```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

SUNCOAST PROJECTS, LLC                                CIVIL ACTION

VERSUS                                                NO. 21-2143

NATIONAL FIRE & MARINE                                SECTION "B"(1)
INSURANCE COMPANY, ET AL.

## ORDER AND REASONS

Before the Court are defendants Everest Indemnity Insurance Company ("Everest"), Berkshire Hathaway Specialty Insurance Company ("Berkshire"), and National Fire & Marine Insurance Company ("National Fire")'s notice of removal (Rec. Doc. 1), plaintiff Suncoast Projects, LLC d/b/a Hub Steel's motion to remand (Rec. Doc. 10), defendants' memorandum in opposition to plaintiff's motion to remand (Rec. Doc. 11), and plaintiff's reply in support of its motion (Rec. Doc. 16).

For the following reasons,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 10) is **DENIED** without prejudice to timely re-urge.

## I.   FACTS AND PROCEDURAL HISTORY

On December 22, 2017, Everest, Berkshire, and National Fire each issued an insurance policy providing builders risk coverage to 1031 Canal Owner LLC and/or 1031 Canal Development, LLC ("1031 Canal").[1] Rec. Doc. 1-2 at 1. 1031 Canal are owners and/or

---

[1] Berkshire disputes that it issued a builder's risk insurance policy for 1031 Canal. *See* Rec. Doc. 19.

1

developers of a project to construct a Hard Rock Hotel in New Orleans, Louisiana. *Id.* at 2. Suncoast Projects, LLC, doing business as Hub Steel ("Hub Steel") was a subcontractor on the hotel project. *Id.* On October 12, 2019, the Hard Rock Hotel construction collapsed, damaging Hub Steel's "work, equipment, and property." *Id.*

Hub Steel submitted claims under defendants' insurance policies for reimbursement of its covered losses. *Id.* However, defendants denied those claims, and to date, have not paid plaintiff for any loss or damage. *Id.*

On October 12, 2021, plaintiff filed suit against defendants in Louisiana Civil District Court for the Parish of Orleans claiming defendants failed to tender payment properly in accordance with Louisiana Revised Statute Section 22:1892 and failed to adjust the claim fairly and promptly pursuant to Louisiana Revised Statute Section 22:1973. Rec. Doc. 10-1 at 1; Rec. Doc. 1-2 at 2. Defendants then removed the case to federal court on November 18, 2021. Rec. Doc. 1. Plaintiff filed the instant remand motion on December 2, 2021. Rec. Doc. 10.[2]

---

[2] On December 27, 2021, Berkshire also submitted a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is still pending before this Court. *See* Rec. Docs. 19-20.

## II. LAW AND ANALYSIS

### A. Diversity Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A civil action removable solely pursuant to diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*; *cf. Cavallini v. State Farm Mut. Auto Ins. Co.*, 544 F.3d 256, 265 (5th Cir. 1995) (declining to consider a proposed amended complaint as support for remand because the original complaint was not ambiguous). The removing party bears the burden of proving that federal jurisdiction exists, and therefore, that removal was proper. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

District courts have original jurisdiction over civil actions that are (1) between citizens of different states and (2) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost. *See* 28 U.S.C. § 1332(a)(1). A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). The Court determines an LLC's citizenship by analyzing the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To determine citizenship of a corporation which provides liability insurance policies to an insured, courts apply 28 U.S.C. § 1332(c)(1)(A), which states:

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.

### B.   Diversity Jurisdiction Exists Here

Plaintiff asserts that it brings a direct action against the insurers, and thus according to § 1332(c)(1)(A), defendants are considered citizens of Louisiana, where 1031 Canal, the insured, is a citizen. Rec. Doc. 10-1 at 3. As this action was brought in Louisiana, and under § 1332(c)(1) defendants are purportedly citizens of Louisiana, then according to plaintiff, defendants

4

improperly removed the suit to federal court. *Id.* at 5; *see also* 28 U.S.C. § 1441(b)(2). Plaintiff, however, does not bring a direct action against insurers of a liability insurance policy, and thus, § 1332(c)(1) does not apply.

First-party insurance generally "provides coverage for the insured against loss or damage sustained by it, whereas third-party insurance covers liability of the insured to another person." *Felham Enters. (Cayman) Ltd. v. Certain Underwriters at Lloyds, London Cos.*, Nos. Civ.A. 02-3588, Civ.A. 04-624, 2004 WL 2984296, at *4 (E.D. La. Dec. 6, 2004) (first citing 14 *Couch on Ins.* § 198:3 (3d ed. 2021); then citing *Manuel v. La. Sheriff's Risk Mgmt. Fund*, 95-0406, p. 6 (La. 11/27/95); 664 So. 2d 81, 85 ("Liability policies are written for the benefit of third parties, who suffer injury or damage because of actions of the insured.") (internal quotation marks omitted)); *see also Alcorn Bank & Tr. Co. of Corinth, Miss. v. U.S. Fid. & Guar. Co.*, 705 F.2d 128, 130 (5th Cir. 1983). "Property insurance, as first-party coverage, generally does not respond to third-party claims." *S. La. Ethanol, LLC v. Messer*, 932 F. Supp. 2d 735, 739 (E.D. La. 2008) (quoting *TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of the Parish of Lafourche*, 2010-0685, p. 11-12 (La. App. 1 Cir. 12/8/10); 52 So. 3d 1103, 1110). Unlike commercial liability coverage, which protects against tort liability, builders' risk insurance, "provides property insurance for a project under construction."

5

*Data Specialties, Inc. v. Transcon. Ins. Co.*, 125 F.3d 909, 914 (5th Cir. 1997); *see also Bollinger Shipyards Lockport, L.L.C. v. AmClyde Engineered Prods., Inc.*, Nos. Civ.A. 01-707, Civ.A. 01-708, 2003 WL 133229, at *4 (E.D. La. Jan. 13, 2003); 9A *Couch on Ins.* § 132:20 (3d ed. 2021).

Here, plaintiff does not seek coverage for 1031 Canal's liability to plaintiff. In plaintiff's state court petition, it states clearly that "Hub Steel was an Additional Insured and loss payee under the terms of the Builder Risk Insurance policies issued by Defendants, and therefore entitled to coverage for Builders Risk losses covered by the policies." Rec. Doc. 1-2 at 2. Next, plaintiff alleges it "sustained covered losses under policies," namely that "Hub Steel's work, equipment and property were damaged as a result of the collapse." *Id.* Plaintiff appears to be confused as to whether it brings first-party or third-party claims, but plaintiff's complaint does not reflect this confusion. *See* Rec. Doc. 1-2 at 2. None of the petition's allegations indicate that plaintiff asserts a third-party claim under a liability insurance policy. Instead, plaintiff asserts it is a loss payee and that defendants' insurance policies directly cover its work, equipment, and property damages. Nowhere else in plaintiff's petition does Hub Steel seem to allege a tort liability claim. *See* Rec. Doc. 1-2 at 1-2. Plaintiff even admits that it is "inclined to agree with Defendant on the position that Plaintiff is a first party

6

claimant." Rec. Doc. 16 at 1.³ Accordingly, as per plaintiff's own allegations, Hub Steel does not bring a direct action "against the insurer of a policy or contract of liability insurance," it purports to be a first-party claimant asserting coverage for property damage. *See* 28 U.S.C. § 1332(c)(1)(A). Thus, § 1332(c)(1)(A) does not apply.

Plaintiff argues that "on one hand Defendants take the position that plaintiff makes a third party claim to advance its argument that Plaintiff is not covered under Defendants' policy and on the other, Defendants seek to advance that this Honorable Court has jurisdiction by alleging Plaintiff makes a first party claim." Rec. Doc. 16 at 1. Plaintiff seems frustrated with defendants' alleged tactics, but that defendant designates plaintiff as a third-party claimant is at this point conjecture. *See generally* Rec. Doc. 16. In the briefings before this Court, defendants have not argued that plaintiff makes a third-party claim against an insurer of liability insurance. *See generally* Rec. Doc. 11. Thus, plaintiff provides no basis for finding Hub Steel to be a third-party claimant.

Furthermore, plaintiff misunderstands that whether plaintiff is indeed a loss payee entitled to coverage is not an appropriate inquiry at this time. *See* Rec. Doc. 16 at 2. As long as plaintiff

---

³ Only based on defendants "out right denial of coverage" did plaintiff decide to "take[] the position that it is a third-party claimant." Rec. Doc. 16 at 2.

7

alleges it is a loss payee seeking coverage under a builder's risk insurance policy, as here, plaintiff has not made a third-party claim, § 1332(c)(1)(A) does not apply, and defendants' removal was proper. *See Manguno*, 276 F.3d at 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal."). As the case develops, more information may come to light that suggests plaintiff is a third-party claimant, rather than a first-party one. But if that occurs, plaintiff can always then submit a motion for remand based on lack of subject matter jurisdiction and lack of diversity. *See* 28 U.S.C. § 1447(c) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

   New Orleans, Louisiana this 4th day of May, 2022

                              _____
                              SENIOR UNITED STATES DISTRICT JUDGE