```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

SUNCOAST PROJECTS, LLC                               CIVIL ACTION

VERSUS                                               NO. 21-2143

NATIONAL FIRE & MARINE                               SECTION "B"(1)
INSURANCE COMPANY, ET AL.

## ORDER AND REASONS

Before the Court are defendant Berkshire Hathaway Specialty Insurance Company ("Berkshire")'s motion to dismiss (Rec. Doc. 19) and plaintiff's opposition to Berkshire's motion to dismiss (Rec. Doc. 20).

For the following reasons,

**IT IS ORDERED** that the motion to dismiss (Rec. Doc. 19) is **DENIED**.

## I.   FACTS AND PROCEDURAL HISTORY

On December 22, 2017, Berkshire, Everest Indemnity Insurance Company ("Everest"), and National Fire and Marine Insurance Company ("National Fire") each issued an insurance policy providing builders risk coverage to 1031 Canal Owner LLC and/or 1031 Canal Development, LLC ("1031 Canal").[1] Rec. Doc. 1-2 at 1. 1031 Canal are owners and/or developers of a project to construct a Hard Rock Hotel in New Orleans, Louisiana. *Id.* at 2. Suncoast Projects, LLC, doing business as Hub Steel ("Hub Steel") was a

---

[1] Berkshire disputes that it issued a builder's risk insurance policy for 1031 Canal. *See* Rec. Doc. 19.

1

subcontractor on the hotel project. *Id.* On October 12, 2019, the Hard Rock Hotel construction collapsed, damaging Hub Steel's "work, equipment, and property." *Id.*

Hub Steel submitted claims under defendants' insurance policies for reimbursement of its covered losses. *Id.* However, defendants denied those claims, and to date, have not paid plaintiff for any loss or damage. *Id.*

On October 12, 2021, plaintiff filed suit against defendants in Louisiana Civil District Court for the Parish of Orleans claiming defendants failed to tender payment properly in accordance with Louisiana Revised Statute Section 22:1892 and failed to adjust the claim fairly and promptly pursuant to Louisiana Revised Statute Section 22:1973. Rec. Doc. 10-1 at 1; Rec. Doc. 1-2 at 2. Defendants then removed the case to federal court on November 18, 2021. Rec. Doc. 1. Plaintiff filed a motion to remand on December 2, 2021, which was denied on May 4, 2022. Rec. Doc. 10. On December 27, 2021, Berkshire submitted the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Rec. Docs. 19-20.

II. **LAW AND ANALYSIS**

   **A. Rule 12(b)(6) Standard**

   Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to

2

dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

B.  **Plaintiff States a Claim Against Berkshire**

In its complaint, plaintiff alleges that Berkshire issued a policy of insurance to 1031 Canal. Rec. Doc. 1-2 at 1. Berkshire

3

submitted a copy of the relevant insurance policy to argue that Berkshire never issued a policy for 1031 Canal, the insured, and thus, plaintiff fails to state a claim against Berkshire. Rec. Doc. 19-1 at 3. Even though "Berkshire Hathaway Specialty Insurance" is listed on the letterhead of National Fire and Marine Specialty Insurance, Berkshire maintains this designation is merely a trade name that does not implicate the insurer Berkshire Hathaway Specialty Insurance *Company*. *Id.* Berkshire emphasizes the difference between Berkshire Hathaway Specialty Insurance and Berkshire Hathaway Specialty Insurance Company. *Id.* However, Berkshire does not demonstrate that plaintiff fails to state a claim against Berkshire.

When examining the relevant insurance policy, it is unclear whether the policy was issued by National Fire and/or Berkshire. *See* Rec. Doc. 19-2. On the one hand, when discussing deposit premiums only National Fire's share is mentioned, not Berkshire's. *Id.* at 10. Additionally, the policy endorsements all state they were issued to 1031 Canal by National Fire and Marine Insurance Company. *Id.* at 43-58. Furthermore, the policy states that service of suit should be made upon the legal department of National Fire. *Id.* at 3.

On the other hand, on every page of the Builder's Risk Policy it states copyright of Berkshire Hathaway Specialty Insurance *Company*. *Id.* at 12-42. Moreover, the policy includes a fact sheet

4

on claims reporting that states "[a]ll claims underwritten by Berkshire Hathaway Specialty Insurance should be reported to our centralized Loss Processing Center." *Id.* at 2. This statement could indicate that Berkshire Hathaway Specialty Insurance issued 1031 Canal's policy, as does the letter stating, "Thank you for placing your business with Berkshire Hathaway Specialty Insurance." *Id.* at 1.

The policy itself does not clearly indicate who the insurer is. *See generally id.*[2] Berkshire Hathaway Specialty Insurance could be a trade name used by National Fire or it could be synonymous with the Berkshire Hathaway Specialty Insurance Company. As the policy indicates that Berkshire Hathaway Specialty Insurance Company could indeed be an insurer, plaintiff has raised "a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."). Additionally, defendant does not provide any indication that Berkshire Hathaway Specialty Insurance is a registered trade name of National Fire. *Cf. Muthana v. EAN Holdings, LLC*, No. 21-1745, 2021 WL 5937164, at *2 (E.D. La. Dec.

---

[2] The policy uses the term "Company" to represent the insurer, but does not seem to state which insurer the term "Company" represents. *See* Rec. Doc. 19-2 at 12-42.

5

16, 2021) (providing evidence of trade name registration when arguing that a party was merely a trade name, not a separate entity); *Risinger Holdings, LLC v. Sentinel Ins. Co., Ltd.*, No. 1:20-CV-00176, 2021 WL 4520968, at *2 (E.D. Tex. Sept. 30, 2021) (granting defendant's motion to dismiss where the policy "clearly listed [a different party] as the insurer," a sworn declaration averred that the defendant "does not underwrite risks; issue or adjust policies; or investigate, handle, or deny claims," and the defendant submitted a 10-K stating it "is only a holding company with no significant business operations of its own" (internal quotation marks omitted)).[3]

Accordingly, dismissing plaintiff's claims against Berkshire is inappropriate at this time. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) ("Our task . . . is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."). If after additional discovery, the parties determine Berkshire is not an insurer for 1031 Canal's policy, then dismissal may be appropriate at that point.

---

[3] The Court does acknowledge that for a 12(b)(6) motion, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto," but here, the complaint and the insurance contracts alone do not demonstrate that Berkshire Hathaway Specialty Insurance is merely a trade name. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

New Orleans, Louisiana this 4th day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE